IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| PATRICIA W. COLSON | § | PLAINTIFF |
| | § | |
| v. | § | Civil No. 1:08CV119-HSO-RHW |
| | § | |
| STATE FARM FIRE AND | § | |
| CASUALTY COMPANY | § | DEFENDANT |

ORDER AND REASONS GRANTING IN PART AND
DENYING IN PART DEFENDANT'S MOTIONS FOR SUMMARY
JUDGMENT AND TO ENTER JUDGMENT

BEFORE THE COURT are the Motions of Defendant State Farm Fire and

Casualty Company for Summary Judgment [17-1] filed on June 12, 2008, and to

Enter Judgment [27-1], filed on September 26, 2008, seeking dismissal of Plaintiff's

claims against it on grounds of settlement and release.  Defendant relies upon a

Settlement Agreement executed by Plaintiff and Defendant.  Both Motions have

been fully briefed by the parties.  The Court finds that both Motions should be

granted in part and denied in part.

I.  FACTS AND PROCEDURAL HISTORY

The Court issued an Order [24-1] on August 8, 2008, holding Defendant's

Motion for Summary Judgment [17-1] in abeyance for fourteen days and stating

that the Motion would be granted, unless Plaintiff established during that time, by

appropriate and specific affidavit, her discovery of additional damage to the insured

property that was unknown to her at the time she signed the Settlement

Agreement.  See Order [24-1], at p. 6.  After receiving an extension of time, Plaintiff

timely filed an Affidavit [26-1] on August 28, 2008, which detailed additional

damage that she discovered after she executed the Settlement Agreement.  *See* Affidavit of Patricia W. Colson [26-1], at p. 1.  The items delineated, as estimated in cost by Plaintiff, total $34,100.00.  *See id.*, at pp. 1-2.

Defendant then filed its Motion to Enter Judgment [27-1] on September 26, 2008, requesting that the Court grant summary judgment, dismiss Plaintiff's claims, and enter judgment in its favor, pursuant to Federal Rules of Civil Procedure 56 and 58.  Defendant contends that the amount in controversy is below the jurisdictional minimum to confer subject matter jurisdiction based on diversity of citizenship, pursuant to 28 U.S.C. § 1332.  *See* Mot. to Enter J., at p. 2.

## II.  DISCUSSION

### A.    Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure states that the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a moving party is entitled to judgment as a matter of law.  *See* FED. R. CIV. P. 56.  The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Meyers v. M/V Eugenio C.*, 842 F.2d 815, 816 (5th Cir. 1988).

The mere existence of a disputed factual issue does not foreclose summary judgment.  The dispute must be genuine, and the facts must be material.  *See Booth*

*v. Wal-Mart Stores, Inc.*, 75 F. Supp. 2d 541, 543 (S.D. Miss. 1999).  With regard to "materiality," only those disputes of fact that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment.  *See id.* (*citing Phillips Oil Company v. OKC Corp.,* 812 F.2d 265, 272 (5th Cir. 1987)). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . . all other contested issues of fact are rendered immaterial."  *Id.* (*quoting Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1987)).

To rebut a properly supported motion for summary judgment, the opposing party must present significant probative evidence, since "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."  *Shields v. Twiss,* 389 F.3d 142,149-50 (5th Cir. 2004) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).  If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate.  *See Anderson*, 477 U.S. at 249.  The nonmovant may not rely on mere denials of material facts, nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda.  *See Gaddis v. Smith & Nephew, Inc.*, 534 F. Supp. 2d 697, 699 (S.D. Miss. 2008).

B.    Defendant's Motions

1.    Damage Known to Plaintiff at the Time the Settlement Agreement was Signed

As the Court noted in its Order [24-1] holding in abeyance Defendant's

-3-

Motion for Summary Judgment, the Settlement Agreement establishes that there was a meeting of the minds concerning the express terms in the written agreement, and the Settlement Agreement is enforceable.  *See* Order Holding in Abeyance Def.'s Mot. for Summ. J., at p. 4 (*citing Hastings v. Guillot,* 825 So. 2d 20, 23 (Miss. 2002)).  Defendant has demonstrated that there is no genuine issue as to any material fact as to damage to the insured property known to Plaintiff at the time the Settlement Agreement was signed, and that it is entitled to judgment as a matter of law as to these claims.  *See* FED. R. CIV. P. 56.  The Court will therefore grant Defendant's Motion as to any claims stemming from damage to the insured property sustained in Hurricane Katrina that was known to her when the Settlement Agreement was signed.

      2.    <u>Additional Damage Discovered by Plaintiff that was Not Known to the Parties when the Settlement Agreement was Signed</u>

Pursuant to this Court's Order [24-1], Plaintiff detailed purported damage to the insured property stemming from Hurricane Katrina that was unknown to her when the Settlement Agreement was signed.  Defendant contends that because Plaintiff only estimated $34,100.00 in such damage, the amount in controversy is below the jurisdictional minimum to confer subject matter jurisdiction based on diversity of citizenship, pursuant to 28 U.S.C. § 1332.  *See* Mot. to Enter J., at p. 2. In her Response [28-1], Plaintiff maintains that the amount in controversy was established at the time of filing the Complaint and was sufficient at that time. Alternatively, she asks that the Court dismiss her claim without prejudice, so that

she may pursue it in state court.  *See* Resp. to Mot. to Enter J., at pp. 2-3.

Defendant counters in its Rebuttal [29-1] that Plaintiff's claims in Counts One,

Two, and Three of her Complaint were resolved at the time the Complaint was filed.

*See* Rebuttal, at p. 2.  Defendant argues that any new claim for damage detailed in

Plaintiff's Affidavit has not been presented to or denied by State Farm, and

therefore, is an entirely new claim beyond the scope of her original Complaint.  *See*

*id.*

The Court is of the opinion that, through her Affidavit, Plaintiff has created a

genuine issue of material fact regarding whether the alleged damage to Plaintiff's

home sustained during Hurricane Katrina, which was allegedly later discovered

and unknown to the parties at the time the Settlement Agreement was signed, was

purportedly covered under her homeowner's policy with State Farm and not

released by the Settlement Agreement she executed with State Farm.  As for the

amount in controversy requirement, Plaintiff's original Complaint in this Court

stated that the amount in controversy exceeded $75,000.00, exclusive of interest

and costs.  *See* Compl., at p. 2.  Plaintiff then detailed damages of $34,100.00 in her

Affidavit as damages unknown to her at the time the Settlement Agreement was

signed, coupled with an unspecified punitive damages requested in her Complaint.

*See* Affidavit of Patricia W. Colson [26-1], at pp. 1-2; Compl., at pp. 6-7.  "[F]ederal

courts sitting in Mississippi have routinely held that unspecified claims for punitive

damage sufficiently serve to bring the amount in controversy over the requisite

jurisdiction threshold set out in 28 U.S.C. § 1332." *Conner v. First Family Financial Services, Inc.,* No. 4:01cv242, 2002 WL 31056778, *8 (N.D. Miss. August 28, 2002)(internal citations omitted).

The amount in controversy for diversity jurisdiction under 28 U.S.C. § 1332 is determined at the time a complaint is filed. *See White v. FCI USA, Inc.,* 319 F.3d 672, 674 (5th Cir. 2003). State Farm's assertion of its settlement and release defense, which required the Court to assess the defense's merits, did not operate to deprive the Court of jurisdiction. *See, e.g., Johns-Manville Sales Corporation v. Mitchell Enterprises, Inc.,* 417 F.2d 129, 131 (5th Cir. 1969). The amount in controversy, based on Plaintiff's original representations in her Complaint, including her claim for unspecified punitive damages, is sufficient to meet the jurisdictional minimum. *See St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (stating that "in addition to policy limits and potential attorney's fees, items to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law are *inter alia* penalties, statutory damages, and punitive damages—just not interest or costs."); *Allstate Ins. Co. v. Hilbun*, 692 F. Supp. 698, 700 (S.D. Miss. 1988) (holding that punitive damages can be included to reach the amount in controversy requirement if, under the governing law of the suit, they are recoverable).

With respect to State Farm's argument that Plaintiff has not made an insurance claim for this additional damage, the Court is of the opinion that a

conclusory statement in a motion for summary judgment is not sufficient to meet State Farm's burden of showing that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. The Settlement Agreement at issue in this case was executed on September 11, 2006, and Plaintiff's Complaint was not filed until March 31, 2008. Plaintiff alleges in her Complaint of March 31, 2008, that she made application for full insurance benefits under her policy, but that State Farm denied coverage. *See* Compl., at p. 3. She advances claims for breach of contract and tortious breach of contract. *See id.* at pp. 4-5.

While it is beyond dispute that Plaintiff did not detail those of her alleged damages which she purportedly discovered after she signed Settlement Agreement until she filed her Affidavit, State Farm has presented no evidence in its Motions that Plaintiff has failed to make a claim for any of the newly discovered damage after the Settlement Agreement was signed. State Farm has not shown that summary judgment, at this time, is appropriate as to any claims stemming from damage to the insured property sustained in Hurricane Katrina that Plaintiff discovered after, and that was not known to the parties when, the Settlement Agreement was signed. Defendant's Motions will be denied with respect to those claims.

## III. <u>CONCLUSION</u>

The Court has considered the arguments and evidence advanced in support of State Farm's Motions, and concludes that material fact questions exist with respect

to the purportedly newly discovered damages.  For the reasons stated more fully herein, the Court is of the opinion that State Farm's Motions should be granted in part and denied in part.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons more fully stated herein, the Motions of Defendant State Farm Fire and Casualty Company for Summary Judgment, filed on June 12, 2008 [17-1], pursuant to FED. R. CIV. P. 56, and to Enter Judgment, filed on September 26, 2008 [27-1], should be and are hereby **GRANTED IN PART** as to any claims stemming from damage to the insured property sustained in Hurricane Katrina that was known to the parties when the Settlement Agreement was signed, and **DENIED IN PART** as to any claims stemming from damage to the insured property sustained in Hurricane Katrina that Plaintiff discovered after, and that was not known to the parties when, the Settlement Agreement was signed**.**

**SO ORDERED AND ADJUDGED**, this the 22nd day of October, 2008.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

-8-